Keven McENTIRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–07–00210–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 12, 2008.

Decided Aug. 13, 2008.

Troy Hornsby, Miller, James, Miller & Hornsby, LLP, Texarkana, for appellant.

James Elliott, Asst. Dist. Atty., Texarkana, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Keven McEntire accumulated quite a list of charges for various forms of sexual conduct with children during the summer of 2006. In this case,[1] he stands convicted, in a Bowie County jury trial, of nine counts, seven of which were for aggravated sexual assault of a child, one for indecency by sexual contact, and one for indecency by exposure.[2] In three of the counts for aggravated sexual assault of a child, we reverse and render McEntire's convictions for legally insufficient evidence; otherwise, we affirm the judgment of the trial court.

McEntire contends that the trial court violated his right to a public trial, as guaranteed by the United States and Texas Constitutions, by closing portions of the trial to the public. He also argues that there is factually and legally insufficient evidence to support some of the convictions.

We hold that (1) no error was preserved on the public-trial issue and that (2) evidence is legally insufficient to support three of the aggravated sexual assault charges.

*(1) No Error Was Preserved on the Public–Trial Issue*

■ Closing a trial to the public is an act with constitutional repercussions. The right to a public trial is one of the few structural (fundamental constitutional systemic) requirements identified by the United States Supreme Court, and if the right is improperly denied, the error is categorically exempt from harm analysis. *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Salinas v. State*, 980 S.W.2d 219, 219 (Tex.Crim.App. 1998).

■ However, even in the case of errors of constitutional dimension, the claim may be waived or forfeited in some situations. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex.Crim.App.2002).

> [O]ur system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.

*Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim.App.1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). As the courts have noted, most rights are of the last type, and are the basis for Rule 33.1 of the Texas Rules of Appellate Procedure and its requirement that a party object or otherwise complain in order to preserve a claim of error for review. *Ieppert v. State*, 908 S.W.2d 217, 219 (Tex.Crim.App.1995); *see* TEX.R.APP. P. 33.1.

In this case, the matter was raised before trial, based on the State's motion to

---

**1.** A companion case, also before this Court on appeal, was tried together with the charges in this case. The companion case—bearing our case number 06–07–00211–CR and numbered 07F0288–102 in the trial court—yielded convictions on one count of indecency by exposure and one count of aggravated assault on a child, for which McEntire was sentenced to one life sentence and one ten-year sentence. In a separate opinion issued this day, we affirm the judgment in that companion case.

**2.** The jury assessed punishment separately on each count, and the trial court sentenced McEntire accordingly, resulting in seven life sentences, one twenty-year sentence, and one ten-year sentence.

exclude the public while the child victims were testifying, and while photographs were being shown. Defense counsel stated that he had no objection, except that they had discussed perhaps allowing a member of McEntire's family to be excepted from that "so that they can see and know the evidence that is presented against their son if they want to."

The United States Supreme Court held some years ago that the failure to object to closing the courtroom served to waive the right to a public trial. *Levine v. United States*, 362 U.S. 610, 619, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960). In an unpublished opinion, the San Antonio Court of Appeals found that this right fell into the third category and was forfeited by a failure to complain of exclusion of the public.[3]

We need not decide at this time whether we agree with that determination, as the express waiver made by counsel was sufficient to pass muster even under the second level of analysis. Thus, even if this removal of the public for certain, limited portions of the trial was equivalent to the closing of the courtroom to the public, the issue has not been preserved for our review.

We overrule the contention of error.

## (2) Evidence Is Legally Insufficient to Support Three of the Aggravated Sexual Assault Charges

McEntire next contends that the evidence is insufficient to sustain some of the multitude of convictions returned by the jury. He specifically contends that the evidence is inadequate to prove all seven convictions for sexual assault of a child in this case.

To establish the seven aggravated sexual assault charges, the State was required to prove seven separate instances in which McEntire violated the statute in one of the following enumerated ways:

(i) caus[ing] the penetration of the anus or sexual organ of a child by any means;

(ii) caus[ing] the penetration of the mouth of a child by the sexual organ of the actor;

(iii) caus[ing] the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(iv) caus[ing] the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(v) caus[ing] the mouth of a child to contact the anus or sexual organ of another person, including the actor....

*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon Supp.2008).

The question becomes whether there is evidence of seven separate occurrences that would support these seven separate convictions for aggravated sexual assault of a child.

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is so weak or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly unjust. *Lancon v.*

---

3. *Rodriguez v. State*, No. 04–04–00230–CR, 2005 WL 899963, 2005 Tex.App. LEXIS 2959 (Tex.App.–San Antonio Apr. 20, 2005, pet. ref'd).

724

*State,* 253 S.W.3d 699, 705 (Tex.Crim.App. 2008).

The jury was asked, on these seven charges, whether it found, beyond a reasonable doubt, that:

- On or about June 1, 2006, McEntire caused the sexual organ of L.R. to contact McEntire's mouth;
- On or about June 20, 2006, McEntire caused the sexual organ of L.R. to contact McEntire's mouth;
- On or about July 15, 2006, McEntire caused the sexual organ of L.R. to contact McEntire's mouth;
- On or about August 1, 2006, McEntire caused the sexual organ of L.R. to contact his mouth;
- On or about June 15, 2006, McEntire caused penetration of the anus of L.R. by inserting his finger;
- On or about July 20, 2006, McEntire caused the anus of L.R. to contact his mouth;
- On or about August 5, 2006, McEntire caused the mouth of L.R. to contact the sexual organ of G.S.

We first look at the last count, the one involving G.S. There is evidence that, at McEntire's request, L.R. touched G.S.'s penis with her mouth.

We now look at the remaining six counts. L.R. testified that McEntire licked her at least four times with his tongue. Neither the questions nor the answers, however, indicated where on her body he licked her, and it is not apparent from the context. The State continued its examination, and L.R. testified that McEntire put his finger in her "front bottom," and then that he licked her "back bottom." She also testified that he had touched her breasts at least once.

Another child, C.K., testified that he had seen McEntire lick L.R. on the "front of her bottom" and that McEntire had asked him to lick L.R. in her private and that he had done so.

We find evidence to support each of these allegations, with the exception of the four identical, though time differentiated, contentions that McEntire caused L.R.'s sexual organ to contact his mouth. As set out above, there is clear and uncontroverted evidence, in the form of testimony from C.K., that McEntire licked L.R.'s sex organ once. Although the State does not clearly say so, it appears that the State is relying on testimony by L.R. that McEntire had licked her with his tongue four times that summer.

But, after careful review of the testimony, we must agree with McEntire's counsel that L.R.'s testimony does not show where McEntire licked her. We have also reviewed the entire context of her testimony and the rest of the record and find nothing that would lead to such a conclusion. The State was required to prove that McEntire's mouth made contact with L.R.'s sexual organ on four different occasions that summer, but evidence to accomplish that task does not appear in the record. As support, the State has pointed us to the testimony of the outcry witness that, "She told me that Keven had been licking her private and sticking his finger in her butt." That does not provide any evidence that McEntire did so on four separate occasions.

The testimony of C.K. that supports one of the mouth/sexual organ contentions is time descriptive only to the extent that it happened during the summer. The State alleged four different dates on which the same type of act occurred, and C.K.'s testimony is so general it can be attached to one of them, but only one of them under the leniency allowed under the "on or about" terminology. In this particular case, however, that failure of specificity as

to date makes no difference. McEntire was sentenced identically in each instance, to a life sentence on each count, to run concurrently. Accordingly, we will reverse his conviction on three of the four counts.

The evidence is legally and factually insufficient to support the conviction on count number one, count number two, and count number three of the conviction. We reverse the conviction on each of those counts, and render a judgment of acquittal thereon. In all other respects, the judgment, as so modified, is affirmed.