

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00809-CR

Pedro **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-2093-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  November 30, 2012

AFFIRMED IN PART, VACATED IN PART, AND REVERSED AND RENDERED IN PART

Pedro Rodriguez appeals his convictions on multiple counts of sexual assault of a child

and indecency with a child, arguing insufficiency of the evidence and that the indecency

convictions violate the prohibition against double jeopardy.

**BACKGROUND**

Rodriguez was charged with repeatedly molesting his fifteen-year-old daughter, P.R. Counts 1 through 23 of the indictment[1] charged Rodriguez with: five counts of sexual assault of a child by penetration of the child's sexual organ with Rodriguez's sexual organ; five counts of sexual assault of a child by penetration of the child's sexual organ with Rodriguez's fingers; and thirteen counts of indecency with a child, each count alleging Rodriguez touched the child's genitals with his hand or fingers. The offenses were alleged to have been committed on sixteen different dates between February 1, 2009 and April 1, 2010. The State further alleged Rodriguez committed two prior felonies and sought to punish him as a habitual offender.

The jury found Rodriguez guilty of the ten counts of sexual assault and found him guilty of twelve counts of indecency with a child. The jury found him not guilty on one of the counts of indecency with P.R. The trial court assessed punishment at life in prison on each of the sexual assault counts, to run consecutively, and assessed twenty-five year terms of imprisonment on each of the indecency counts, to run concurrently with the life sentences.

**SUFFICIENCY OF THE EVIDENCE**

Rodriguez argues the evidence is insufficient to support conviction for all twenty-two offenses. He contends is the evidence is insufficiently detailed to support the verdicts on all ten sexual assault counts and that there is not evidence of twelve separate instances of contact to support the convictions for indecency with a child.

*Standard of Review*

In a sufficiency review, we look at all of the "evidence in the light most favorable [to] the verdict to determine whether any rational trier of fact could have found the essential elements of

---

[1]Counts 24 and 25 of the indictment charged Rodriguez with indecency with and attempted aggravated sexual assault of a different child. The trial court granted a directed verdict of not guilty on the indecency count, and the jury found Rodriguez not guilty of the attempted aggravated sexual assault.

the offense beyond a reasonable doubt." *Prible v. State*, 175 S.W.3d 724, 729–30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). "We resolve [any] inconsistencies in the testimony in favor of the verdict." *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

### *The evidence*

The evidence of the assaults included P.R.'s testimony at trial and a videotape of an interview conducted of P.R. by a worker from the Child Advocacy Center. P.R. testified she lived with her family, including her father, Rodriguez, in 2009 when she was fifteen. She testified Rodriguez first touched her inappropriately when they were living in an apartment in Schertz. Rodriguez put his hand up under her shirt and rubbed her stomach, and this made her uncomfortable. The family moved to Seguin, and after living there about a month, Rodriguez began touching her chest and bottom over her clothes. P.R. testified Rodriguez subsequently began having sex with her and assaulted her on multiple occasions between February 2009 and April 2010.

P.R. testified that Rodriguez sometimes "had sex" with her, which she stated was when Rodriguez put his penis inside her vagina. She testified at trial that the first time her father "had sex" with her was in her brother's bedroom at the house in Seguin. The second time it happened was in her bedroom. P.R. also described an occasion when her mother was in the shower and her siblings were outside, and Rodriguez took her to her brother's room. P.R. testified Rodriguez put her on the bed, took off her pants and underwear, and "had sex" with her. P.R. testified Rodriguez "had sex" with her "more than six or seven times," and later testified it happened at

least once a month between February 2009 and April 2010. In the videotaped interview, P.R. stated Rodriguez "had sex" with her four times — the first time in her bedroom, the second time in her brother's room, the third time on her sister's bed, and the fourth time on the couch in the living room.

The prosecutor asked P.R. whether Rodriguez had ever touched her genitals with his hands or fingers and the following exchange occurred:

Q.    Okay. Now did he ever do anything else to you like with his hands, fingers or anything?

A.    Yes, with his hands and fingers.

Q.    Okay. What did he do, if anything?

A.    He fingered me.

Q.    Okay. What does that mean? And I know this is hard, but what does that mean when you say he fingered you?

A.    He put his two fingers in my vagina.

. . .

Q.    Okay. Now did his finger actually go inside your vagina?

A.    Yes, sir.

Q.    Okay. And did he also touch it on the outside?

A.    Yes.

P.R. testified that Rodriguez "fingered" her six or seven times over the period of February 2009 to April 2010. She testified that when Rodriguez would assault her, sometimes he would "have sex" with her, sometimes he would "finger" her, and sometimes he would do both. P.R. testified the abuse stopped in April of 2010, when she told her mother and the police were called.

*Discussion – ten counts of sexual assault*

Rodriguez argues the evidence contains insufficient factual detail to support the convictions on all ten sexual assault charges. He contends the lack of evidence regarding dates, times, circumstances, or descriptions of discrete separate incidents renders the evidence insufficient to support the sexual assault convictions.

Rodriguez relies on *McEntire v. State*, 265 S.W.3d 721 (Tex. App.—Texarkana 2008, no pet.), arguing it is factually similar to this case. In *McEntire*, four of the counts alleged that on four different dates the defendant caused the child's sexual organ to contact his mouth. 265 S.W.3d at 724. A witness testified he saw McEntire lick the child's sexual organ on one occasion. *Id.* at 724. The child testified the defendant had licked her on four occasions, but neither the questions nor the answers indicated where on her body he licked her and it was not apparent from the context. *Id.* The court affirmed the conviction on one of the counts, but reversed the other three. The court held the child's testimony was too general and there was no evidence that McEntire contacted the child's sexual organ with his mouth on four separate occasions. *Id.* at 724–25.

In contrast, P.R. expressly testified about what she meant when she said Rodriguez "had sex" with her. And she testified that Rodriguez "had sex" with her "monthly" and "more than six or seven times" between February 2009 and April 2010. She also provided some detail about where and how some of the assaults occurred. Likewise, P.R. described what she meant when she testified Rodriguez "fingered" her, and testified that Rodriguez "fingered her" "six or seven times" during that same time period. Unlike the complainant in *McEntire*, P.R. specifically described the conduct that constituted sexual assault and testified that Rodriguez committed each type of assault at least six or seven separate times during a particular time period. This testimony

is sufficiently specific to support the convictions. *See Klein v. State*, 273 S.W.3d 297, 302–03 (Tex. Crim. App. 2008) (holding evidence appellant touched complainant's sexual organ with his fingers and with his tongue "most nights" or "many times" when complainant's mother was at dance class on Monday nights during a six to eight week period of time is "specific evidence of separate" sexual assaults that occurred "on at least four separate occasions," and rational jury could find four separate sexual assaults occurred); *see also Ex parte Pruitt*, 233 S.W.3d 338, 340–41 (Tex. Crim. App. 2007) (holding complainant's testimony that defendant penetrated her sexual organ with his penis "at least once a month" between first incident of penetration in summer of 1998 and the last incident of penetration in August or September of 2000 sufficiently described each incident of penetration during this period of time for double jeopardy purposes).

A reasonable jury could have found that Rodriguez committed sexual assault by penetrating P.R.'s sexual organ with his sexual organ on five separate occasions, and committed sexual assault by penetrating P.R.s' sexual organ with his fingers on five separate occasions. Any conflict between P.R.'s trial testimony and her videotaped statements were for the jury to resolve, and we do not reevaluate the weight or credibility of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).

### *Discussion – twelve counts of indecency by contact*

Rodriguez was convicted of twelve counts of indecency with a child by touching P.R.'s genitals with his hand or fingers. Rodriguez contends there is no evidence of any contact separate from digital penetration and that the evidence of digital penetration does not support twelve separate convictions. We agree in part.

The only evidence in the record of contact between Rodriguez's hand or fingers and P.R.'s genitals is P.R.'s testimony that Rodriguez "fingered" her six or seven times and P.R.'s

affirmative answer to the prosecutor's question "And did he also touch [your vagina] on the outside?". Rodriguez contends this answer is simply further description of the digital penetration; whereas, the State asserts it is evidence of separate incidents of contact. Viewing the evidence in the light most favorable to the jury's verdict, we hold a rational jury could have found this testimony referred to a discrete incident of indecency by contact, separate from the six or seven times Rodriguez's fingers touched P.R.'s genitals when he "fingered" her. However, there is nothing in the record that would support an inference that the testimony Rodriguez touched P.R. "on the outside" referred to more than one incident. The State generally asserts the evidence is legally sufficient to support each of the twelve separate convictions for indecency with a child by contact, but does not point to any evidence beyond that discussed above. We therefore hold there is sufficient evidence to support the verdicts on eight counts of indecency with a child (seven instances of "fingering" and one instance of touching P.R.'s vagina on the "outside"). We hold there is insufficient evidence to support the verdicts on four of the indecency counts.

## DOUBLE JEOPARDY

Rodriguez argues the remaining eight counts of indecency by contact are barred by double jeopardy because they are subsumed in the sexual assault offenses and he is being punished twice for the same offense.

The State contends we should not consider Rodriguez's double jeopardy argument because he failed to raise it in the trial court. At trial, Rodriguez moved to require the State to elect between one of the indecency counts and one of the sexual assault counts, arguing that one is a lesser-included offense of the other. The court denied the motion, and Rodriguez did not otherwise raise double jeopardy in the trial court. However, a double jeopardy claim may be

raised for the first time on appeal when the "undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Here, the claimed double jeopardy violations are apparent on the face of the record. *See Saldana*, 287 S.W.3d at 56–57; *Belt v. State*, 227 S.W.3d at 339, 345 Tex. Crim. App.—Texarkana 2007, no pet.). Moreover, enforcement of the usual procedural default rules would not serve any legitimate state purpose in this case. If we hold double jeopardy violations have occurred, no retrial or remand would be required. Rather, we would reform the judgment to delete the convictions and sentences that violate double jeopardy. *See Saldana*, 287 S.W.3d at 56–57; *Saenz v. State*, 131 S.W.3d 43, 50 (Tex. App.—San Antonio 2003), *aff'd*, 166 S.W.3d 270 (Tex. Crim. App. 2005). We will therefore review the record to determine whether Rodriguez's right against double jeopardy has been violated.

Sexual contact that occurs in the course of or incident to an act of sexual penetration is subsumed in the completed act. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). The double jeopardy clause of the Fifth Amendment bars prosecution for sexual contact that was incidental to or subsumed within an alleged act of penetration for which the defendant had been placed in jeopardy at previous trial. *Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007). The Double Jeopardy Clause also bars multiple punishments for the same offense. *Whalen v. U.S.*, 445 U.S. 684, 688–93 (1980); *Evans v. State*, 299 S.W.3d 138, 140–41 (2009) (holding convictions and punishments for indecency with a child by contact and aggravated sexual assault of child based on same conduct resulted in multiple punishments for same offense in violation of double jeopardy clause).

As discussed above, the State presented evidence of one instance of Rodriguez touching P.R.'s genitals that was not part of a digital penetration. Each of the other seven offenses for which there is evidence involved Rodriguez touching P.R.'s genitals with his hand or fingers in the course of "fingering" her. As to the five of those occurrences that are the bases of the sexual assault convictions, the offense of indecency by contact is subsumed by the greater offense of sexual assault by digital penetration. The record demonstrates that five of the convictions and sentences for indecency with a child by contact are based on the same offense as the five convictions for sexual assault by digital penetration. Rodriguez was punished twice for those offenses and the convictions therefore violate his right against double jeopardy. *See Saldana v. State*, 287 S.W.3d 43 (Tex. App.—Corpus Christi 2008, pet. ref'd) (where evidence showed defendant touched victim's vagina with his finger and then penetrated it with his finger in same course of action, convictions for aggravated sexual assault and indecency with child by contact violated double jeopardy); *Gonzalez Soto v. State*, 267 S.W.3d 327, 343 (Tex. App.—Corpus Christi 2008, no pet) (holding that "conviction and sentence for both the completed act of penetration and for the sexual contact or exposure incident to the penetration constitutes double jeopardy.").

We therefore vacate five of the convictions for indecency with a child by contact. *See Ball v. United States*, 470 U.S. 856, 864–65 (1985) (appropriate remedy for any double jeopardy violation is to vacate one of the convictions); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (when a defendant is convicted of two offenses that are the same for double jeopardy purposes, the conviction for which the greatest sentence was assessed is retained and the other conviction is set aside). Because Rodriguez received the same punishment for each of the indecency with a child convictions, the sentences for each of the indecency convictions is

identical, we uphold the convictions for the first charged offenses and vacate the latter. *See Cavazos*, 203 S.W.3d at 399 n. 8; *Flores v. State*, 30 S.W.3d 29, 31–32 (Tex. App.—San Antonio 2000, pet. ref'd).

## CONCLUSION

We hold there is insufficient evidence to support Rodriguez's convictions on four of the counts of indecency with a child by contact. We therefore reverse the judgments of conviction for indecency with a child by contact under Counts Fifteen, Nineteen, Twenty, and Twenty-one, and render judgments of acquittal on those counts. We further hold that the convictions for indecency with a child by contact under Counts Eight, Nine, Ten, Thirteen, and Fourteen violate the Double Jeopardy Clause of the Fifth Amendment. We vacate the convictions on those counts and reform the trial court's judgment of conviction to so reflect. In all other respects, we affirm the trial court's judgment.

Steven C. Hilbig, Justice

DO NOT PUBLISH