**Affirmed and Memorandum Opinion filed August 8, 2013.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-12-00550-CR**

---

**RICHARD GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCR-056120**

## MEMORANDUM OPINION

In four issues, appellant Richard Garcia challenges his conviction of aggravated sexual assault of a child. We affirm.

### I. BACKGROUND

This case involves the aggravated sexual assault of a female under fourteen years of age ("the complainant"). The complainant has two older sisters, one of whom is married to appellant. Appellant regularly babysat the complainant while her mother and sisters were at work.

According to the complainant, the underlying incident occurred on or around February 1, 2008, when she was ten years old. Appellant was babysitting the complainant and her younger nephew at appellant's apartment. While the complainant was sitting on the couch playing a video game, appellant approached her, removed his clothing, and "pulled [her] pants down." He then bent her over the couch, held her arms behind her back, "put his front part" in her "bottom," and moved his body "back and forth." The complainant felt appellant's skin on her "back part" and something go inside her bottom "a little bit" which hurt her. When the complainant's nephew called for her, appellant ended the assault and told her "not to tell anyone."

In November 2008, the complainant watched a video at her school concerning sexual abuse. After the video, the complainant spoke with her teacher and school nurse, who then contacted authorities. The next day, a physician performed a sexual-assault examination of the complainant which resulted in no findings of abuse. However, the physician testified he did not expect to see signs of abuse because of the duration of time between the assault and examination.

Appellant was charged with intentionally or knowingly causing the contact or penetration of the anus of the complainant, a child younger than fourteen years of age, by the sexual organ of appellant. The jury convicted appellant and sentenced him to twenty-four years' confinement.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant argues the evidence is legally insufficient to support his conviction of aggravated sexual assault.[1]

---

[1] In his second issue, appellant challenges the factual sufficiency of the evidence. However, the Court of Criminal Appeals has abolished factual-sufficiency review. *See Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011). Thus, we review appellant's

## A. Standard of Review

When determining whether evidence is legally sufficient to support the verdict, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* This standard applies equally to both circumstantial and direct evidence. *Id.* Circumstantial evidence is as probative as direct evidence in establishing guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## B. Analysis

Relevant in the present case, appellant committed aggravated sexual assault if he intentionally or knowingly caused the contact or penetration of the anus of the complainant by the sexual organ of appellant. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (concerning penetration) & (a)(1)(B)(iv) (concerning contact)

---

sufficiency-of-the-evidence challenge under only the legally-sufficiency standard. *Lane v. State*, 357 S.W.3d 770, 773 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

3

(West 2008).[2] Appellant contends the evidence is legally insufficient to support a finding that (1) he was the actor who assaulted the complainant, and (2) his sexual organ penetrated or contacted the complainant's anus.

As noted above, the complainant testified appellant was babysitting her and her nephew when he approached her, removed his clothing and pulled down her pants, placed his "front part" "inside [her] bottom," and, afterward, told her "not to tell anyone." The complainant explained "inside [her] bottom" meant "the hole" in the part of her body she sits "on chairs with," and "front part" meant the part of the body a person uses to "pee." The complainant also testified appellant moved his body "back and forth" during this assault and she felt his skin against her "back part" or "bottom." This testimony clarifies that the complainant meant appellant used his penis to penetrate her anus.

Appellant complains the complainant's testimony is legally insufficient to support his conviction because she testified during cross-examination that she did not see appellant before, during, and after the assault, and she had no "idea what was touching a little bit inside [her] body." On re-direct-examination, the complainant similarly testified she did not see appellant before, during, or after the assault. Appellant argues this testimony establishes the complainant was merely guessing that appellant assaulted her by penetrating her anus with his penis. Appellant also asserts that one of the complainant's sisters (not the sister married to appellant) testified the complainant and appellant had a good relationship and there was no indication any problem existed. Further, appellant notes the physician who conducted the complainant's sexual-assault examination testified there was no sign of sexual abuse.

---

[2] In section "III. Unanimity of Jury Verdict," we explain why the "contact" and "penetration" distinction is inconsequential in this particular case.

4

We disagree the evidence referenced by appellant negates a finding beyond a reasonable doubt that appellant penetrated the complainant's anus with his penis. First, relative to whether it was appellant who assaulted the complainant, the complainant's testimony supports, if not directly at least circumstantially, that she, appellant, and her nephew were the only individuals in the apartment at the time of the incident. Moreover, the complainant testified appellant told her not to tell anyone about the incident, and the jury could have reasonably believed the complainant was very familiar with appellant's voice. Finally, on re-direct-examination, the complainant expressly answered "Richard" when asked who assaulted her. We reject appellant's contention that the evidence demonstrates the complainant merely speculated he was her assailant. *See Ates v. State*, 644 S.W.2d 843, 844–45 (Tex. App.—Tyler 1982, no pet.) (holding evidence insufficient to support defendant committed robbery because victim's identification testimony was speculative).

Second, relative to whether appellant penetrated the complainant's anus with his penis, the complainant testified on direct-examination that appellant placed his "front part" into her "bottom," she felt his skin against her "bottom," and appellant moved his body "back and forth." It was the jury's prerogative to reconcile the complainant's seemingly contradictory testimony on cross-examination that she had no "idea what was touching a little bit inside her body." *See Isassi*, 330 S.W.3d at 638 (explaining courts of appeals defer to responsibility of jury to resolve conflicts in testimony and weigh evidence). The jury could have reasonably construed the complainant's cross-examination testimony to mean she could not *see* what appellant was doing because she was facing away from him. The jury also could have found the complainant provided conflicting testimony because she was fourteen years old, nervous, and did not want to testify against

5

someone whom she had trusted and was married to her sister. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) ("[W]e cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults.").

Third, although the complainant's sister testified there was no indication abuse was occurring, she also testified that, after the complainant disclosed the abuse, she was scared and sad and sobbed "like she was really hurt." Additionally, the sexual-assault examination was conducted several months after the alleged assault, and the physician who conducted the examination testified he would not expect to see physical signs of abuse to a child several months after the abuse occurred.

Appellant cites several cases in which evidence was determined to be legally insufficient to support a conviction of sexual assault. *See, e.g.*, *Woodall v. State*, 376 S.W.3d 134, 139–40 (Tex. App.—Texarkana 2012, no pet.) (holding evidence legally insufficient to support penetration because evidence supported only that defendant externally touched victim's genitalia); *McEntire v. State*, 265 S.W.3d 721, 724–25 (Tex. App.—Texarkana 2008, no pet.) (holding evidence legally insufficient to support defendant put his mouth on victim's genitalia more than once because evidence did not indicate exactly where on victim's body defendant placed his mouth). These cases are distinguishable from the present case because the complainant testified, albeit without using the anatomical terms "anus" or "penis," that appellant penetrated her anus with his penis. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction. We overrule appellant's first issue.

### III. UNANIMITY OF JURY VERDICT

In his third issue, appellant contends the trial court committed jury-charge error because the charge allowed the jury to convict appellant even if the jurors were not unanimous regarding what offense appellant committed.

The Texas Constitution requires a unanimous verdict in felony cases. *See* Tex. Const. art. V, § 13; *see also* Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2012). This right is not violated when the jury is disjunctively instructed on alternate theories of committing the same offense. *See Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004). However, when a defendant is charged with multiple offenses, the jury charge may submit the offenses in the disjunctive, but the trial court must instruct the jury that it must be unanimous in deciding which offense the defendant committed, and the record must demonstrate that the verdict is unanimous. *See Ngo v. State*, 175 S.W.3d 738, 747 (Tex. Crim. App. 2005); *Cueva v. State*, 339 S.W.3d 839, 849 (Tex. App.—Corpus Christi 2011, pet. ref'd).

It is well-settled that the acts prohibited in section 22.021(a)(1)(B) are separate aggravated-sexual-assault offenses, not alternative theories of committing a singular offense. *See Vick v. State*, 991 S.W.2d 830, 832–33 (Tex. Crim. App. 1999); *Hendrix v. State*, 150 S.W.3d 839, 845–48 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *see also Cook v. State*, 192 S.W.3d 115, 117–18 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Thus, the jury must unanimously find the defendant committed one of the section 22.021(a)(1)(B) offenses to convict the defendant of aggravated sexual assault.

The indictment contained the following allegations:

[Appellant], heretofore on or about February 01, 2008, did then and there intentionally and knowingly cause the contact and penetration of

the female sexual organ and anus of [the complainant], a child younger than 14 years of age, who was not the spouse of [appellant], by the sexual organ of [appellant.]

Appellant correctly asserts that, pursuant to these allegations, he was charged with violating three offenses under section 22.021(a)(1)(B):

(i) causes the penetration of the anus or sexual organ of a child by any means;

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor[.]

Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iii), (iv). Appellant also notes that, before trial, the State moved to abandon its allegation that appellant contacted or penetrated the complainant's female sexual organ. The record reflects that the prosecutor asked the trial court if she could strike language regarding this allegation from the charge, and the trial court answered, "You may." The prosecutor then explained she had stricken the words "female sexual organ and," to which the trial court responded, "All right. Very good. The record is straight, and the indictments have been corrected, or at least they have been adjusted in accordance with the State's requirements."

Appellant argues the indictment was never actually amended because the indictment present in the clerk's record filed in our court does not contain a handwritten line through the words "female sexual organ and."[3] Thus, according

---

[3] From the exchange described in the preceding paragraph, it appears the prosecutor physically crossed out the words "female sexual organ and" on the indictment. However, the indictment present in the original clerk's record does not contain any interlineations. At the State's request, the trial court clerk filed a supplemental clerk's record which includes an indictment bearing a handwritten line though the words "female sexual organ and." In his reply brief, appellant argues the trial court clerk had no authority to supplement the record and the supplemented indictment is not properly authenticated. We need not resolve these issues

8

to appellant, contact or penetration of the complainant's sexual organ remained an available offense upon which the jury could choose to convict him. In finding appellant guilty, the jury foreman signed the final page of the jury charge which included the following statement, "We, the Jury, find [appellant] guilty *as charged in the indictment*, of Aggravated Sexual Assault of a Child." (emphasis added). Appellant apparently contends this statement means his conviction may have stemmed from non-unanimous findings in which some jurors found he committed only anal sexual assault while the others believed he committed only vaginal sexual assault.

We disagree. The statutes and caselaw which appellant cites apply to a State's *amendment* of an indictment, which requires physical amendment of the indictment. *See* Tex. Code Crim. Proc. Ann. arts. 28.10, 28.11 (West 2006); *Riney v. State*, 28 S.W.3d 561, 564–66 (Tex. Crim. App. 2000). However, the State's decision to not prosecute the "female sexual organ" offense was not an "amendment" in this sense. *See Eastep v. State*, 941 S.W.2d 130, 132–34 (Tex. Crim. App. 1997) (explaining charge amendment), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) & *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). Regardless, the trial court did not submit the "female sexual organ" offense to the jury, meaning the jury did not convict appellant based on this offense. *See Crenshaw v. State*, 378 S.W.3d 460, 467 (Tex. Crim. App. 2012) ("The jury is presumed to have understood and followed the court's charge, absent evidence to the contrary.").[4] We also reject appellant's

---

because, regardless of whether the prosecutor ever physically crossed out the "female sexual organ" offense from the indictment, we hold this offense was not submitted to the jury and thus was not a basis for appellant's conviction.

[4] Furthermore, the State did not mention the "female sexual organ" offense when it arraigned appellant in front of the jury relative to this cause.

argument that the boilerplate statement on the charge signature page subjected him to conviction for an offense not considered by the jury. Thus, appellant's conviction was not based in whole or part on an allegation of vaginal sexual assault.

> The trial court charged the jury, in relevant part, as follows:
>
> Our law provides that a person commits the offense of Aggravated Sexual Assault of a Child if a person intentionally or knowingly causes **the contact or penetration of the anus** of a child younger than 14 years of age who was not the spouse of the actor, by the sexual organ of the actor.
>
> . . .
>
> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt, that [appellant], on or about the 1st day of February, 2008 in the County of Fort Bend and the State of Texas, did intentionally or knowingly **cause the contact or penetration of the anus** of [the complainant], a child younger than 14 years of age, who was not the spouse of [appellant], by the sexual organ of [appellant], you will find the defendant guilty of the offense of Aggravated Sexual Assault of a Child as charged in the indictment.

(emphasis added). By combining the "penetration" offense proscribed by subsection (i) with the "contact" offense proscribed by subsection (iv), the jury charge authorized the jury to convict appellant even if the jurors disagreed about whether penetration occurred. *See Hendrix*, 150 S.W.3d at 848–49. Nonetheless, the jurors necessarily were unanimous that contact occurred because contact is subsumed within penetration; i.e., appellant could not penetrate the complainant's anus without contacting the complainant's anus. *Id.* Thus, there is no charge error violating appellant's right to a unanimous verdict. *Id.* We overrule appellant's third issue.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, in his fourth issue, appellant contends defense counsel was ineffective because counsel (1) failed to object to the erroneous jury charge and (2) failed to preserve error regarding an objectionable juror during voir dire.

### A. Standard of Review

To prevail on an ineffective-assistance claim, an appellant must prove (1) counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## B. Analysis

First, appellant contends defense counsel was ineffective by failing to object to the jury charge on the basis of the unanimity requirement. Because we have already determined that the charge was not erroneous for this reason, we reject this argument.

Second, appellant contends defense counsel was ineffective by failing to preserve error when the trial court erroneously denied appellant's challenges for cause regarding several venire members. To preserve error regarding the trial court's denial of a challenge for cause, the defendant must (1) assert a specific challenge for cause, (2) use a peremptory strike on the challenged venire member, (3) exhaust his peremptory strikes, (4) request additional strikes, and (5) after the trial court denies the request for additional strikes, identify an objectionable venire member who sat on the jury. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010).

Appellant argues the trial court erred when it denied challenges for cause to three venire members who stated they could not presume appellant was innocent and another venire member who stated he would automatically afford credibility to a police officer. Because the trial court would not strike these venire members for cause, appellant used peremptory strikes on them. However, defense counsel failed to preserve any error because she did not request additional peremptory strikes or identify an objectionable venire member who sat on the jury. According to appellant, the jury-selection error led to venire member # 2 sitting on the jury. Appellant argues venire member # 2 was objectionable because of the following exchange:

> [Defense counsel:] And, of course, sexual assault of a child is a
> sensitive subject, but simply because of a topic doesn't necessarily

12

mean that if someone says it happened, that it's automatically true. Is there anybody here that says simply because someone makes an accusation of sexual assault, a child, that it has to be true?

. . .

[Venire member # 2:]  I don't think it necessarily has to be true, but I think there would have to be some sort of a motive if it's not.

[Defense counsel:]  I understand what you're saying, some sort of motivation?

[Venire member # 2:]  Yes.

[Defense counsel:]  And that's true.  That's true.  I understand that. But you're -- but you're not saying that simply because the allegation's made, that it's true?

[Venire member # 2:]  Oh, no.

Appellant argues venire member # 2's presence on the jury harmed appellant because venire member # 2 indicated he would believe a child victim unless the victim had a motive for lying, and there was no clear evidence that the complainant had an ulterior motive for accusing appellant of sexual assault.

The right to trial by impartial jury is subject to waiver or forfeiture by the defendant in the interest of overall trial strategy.  *State v. Morales,* 253 S.W.3d 686, 697 (Tex. Crim. App. 2008).  Here, there was no post-trial hearing during which defense counsel was asked about his strategy for not requesting additional peremptory strikes or identifying venire member # 2 as an objectionable juror.  On our record, there is insufficient basis to overcome the presumption that defense counsel engaged in sound trial strategy by choosing not to preserve this alleged error.  *See Delrio v. State*, 840 S.W.2d 443, 446–47 (Tex. Crim. App. 1992); *see also Morales*, 253 S.W.3d at 696–98; *Nava v. State*, 379 S.W.3d 396, 414 (Tex. App.—Houston [14th Dist.] 2012, pet. granted) ("[I]t is unlikely the [voir dire] record would establish appellants' trial counsel had no viable strategic reason for failing to preserve jury-selection error if they in fact did fail to preserve error.").

13

For example, defense counsel may have reasonably believed venire member # 2's answers were not particularly egregious because (1) he indicated he would not automatically believe a child's accusation regarding sexual assault or (2) it is likely most individuals, whether they express it or not, would want to hear about possible motivating factors when a child makes such accusations. Thus, defense counsel's decision not to preserve the alleged challenge-for-cause error was not so outrageous that no competent attorney would have engaged in it. *See Goodspeed*, 187 S.W.3d at 392. We overrule appellant's fourth issue.

We affirm the trial court's judgment.


/s/    John Donovan
       Justice


Panel consists of Justices Frost, Brown, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).