FILED IN
COURT OF CRIMINAL APPEALS

January 15, 2015

ABEL ACOSTA, CLERK

PD-1274-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/15/2015 9:16:42 AM
Accepted 1/15/2015 9:35:49 AM
ABEL ACOSTA
CLERK

# No. PD-1274-14

In the
Court of Criminal Appeals

──────◆──────

## No. 01-13-00198-CR
In the Court of Appeals for the First District of Texas at Houston

──────◆──────

## No. 1254877
In the 174th District Court of Harris County, Texas

──────◆──────

# BOBBY JOE PEYRONEL
*Appellant*

V.

# THE STATE OF TEXAS
*Appellee*

──────◆──────

# STATE'S BRIEF ON DISCRETIONARY REVIEW

──────◆──────

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC No. 796910
kugler_eric@dao.hctx.net

**LISA COLLINS**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713-755-5826
FAX: 713-755-5809

*Counsel for Appellee*

ORAL ARGUMENT NOT PERMITTED

## STATEMENT REGARDING ORAL ARGUMENT

This Court has not permitted oral argument in this case.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson —** District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**Lisa Collins** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Bobby Joe Peyronel**

Counsel for Appellant:

**Frances Bourliot —** Assistant Public Defender on appeal

**Richard Oliver; Alan Cohen** — Counsel at trial

Trial Judge:

**Hon. Vanessa Velasquez** — Presiding Judge

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT..................................................i

IDENTIFICATION OF THE PARTIES ................................................................i

INDEX OF AUTHORITIES............................................................................. iii

STATEMENT OF THE CASE...........................................................................v

ISSUE PRESENTED ........................................................................................1

The court of appeals erred in finding that the public-trial issue was preserved for review when the appellant did not ask the trial court to do anything and did not alert the trial court to the specific grounds that he would raise on appeal.............1

STATEMENT OF FACTS ................................................................................1

SUMMARY OF THE ARGUMENT ................................................................4

ARGUMENT ...................................................................................................4

PRAYER ..........................................................................................................8

CERTIFICATE OF SERVICE AND COMPLIANCE...............................................9

# INDEX OF AUTHORITIES

## CASES

*Addy v. State*,
   849 S.W.2d 425 (Tex. App.—
   Houston [1st Dist.] 1993, no writ) ....................................................................6

*Blue v. State*,
   41 S.W.3d 129 (Tex. Crim. App. 2000)..............................................................5

*Broxton v. State*,
   909 S.W.2d 912 (Tex. Crim. App. 1995).............................................................5

*Cameron v. State*,
   PD-1427-13, 2014 WL 4996290 (Tex. Crim. App. Oct. 8, 2014) ........................7

*Coble v. State*,
   330 S.W.3d 253 (Tex. Crim. App. 2010)..............................................................7

*Dixon v. State*,
   2 S.W.3d 263 (Tex. Crim. App. 1998)..................................................................5

*Espada v. State*,
   No. AP–75,219, 2008 WL 4809235 (Tex. Crim. App. 2008) ...............................7

*Fuller v. State*,
   253 S.W.3d 220 (Tex. Crim. App. 2008)..............................................................5

*Levine v. United States*,
   362 U.S. 610 (1960) .............................................................................................6

*Martinez v. State*,
   22 S.W.3d 504 (Tex. Crim. App. 2000)................................................................5

*McEntire v. State*,
   265 S.W.3d 721 (Tex. App.—
   Texarkana 2008, no pet.) ......................................................................................6

*Mitchell v. State*,
No. 10–10–00307–CR, 2011 WL 5994154 (Tex. App.–
Waco 2011, no pet.) ..................................................................................................6

*Peyronel v. State*,
No. 01–13–00198–CR, 2014 WL 4109589 (Tex. App.–
Houston [1st Dist.] Aug. 21, 2014, pet. filed) .........................................................v

*Rodriguez v. State*,
No. 04–04–00230–CR, 2005 WL 899963 (Tex. App.—
San Antonio Apr. 20, 2005, pet. ref'd) ....................................................................7

*Saldano v. State*,
70 S.W.3d 873 (Tex. Crim. App. 2002) ...................................................................5

*Waller v. Georgia*,
467 U.S. 39 (1984) ...................................................................................................5

**STATUTES**

TEX. CODE CRIM. PROC. art. 57.01 (4) (West 2010) ...................................................1

TEX. CODE CRIM. PROC. art. 57.02(h) (West 2010) ...................................................1

TEX. CODE CRIM. PROC. art. 57.03(d) (West 2010) ...................................................1

**RULES**

TEX. R. APP. P. 33.1(a) ..............................................................................................5, 8

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

The appellant was charged with the aggravated sexual assault of a child committed on October 27, 2009 (CR – 2). He pled "not guilty" to the charge, and the case was tried to a jury (CR – 248). The jury found the appellant guilty and assessed punishment at 50 years in prison (CR – 248).

The court of appeals affirmed the conviction but issued a published opinion reversing the judgment on punishment; it held that the trial court improperly excluded the female members of the appellant's family from the courtroom during the punishment phase after one of them had asked a juror, "How does it feel to convict an innocent man?" *Peyronel v. State*, No. 01–13–00198–CR, 2014 WL 4109589 (Tex. App.–Houston [1st Dist.] Aug. 21, 2014, pet. filed). This Court granted review on whether that issue was preserved for appeal.

## ISSUE PRESENTED

**The court of appeals erred in finding that the public-trial issue was preserved for review when the appellant did not ask the trial court to do anything and did not alert the trial court to the specific grounds that he would raise on appeal.**

## STATEMENT OF FACTS

Jane[1] was a three-year-old girl with two older brothers (RR. IV – 52). Her mother had a master's degree in counseling and worked as a school counselor, so she used Marie Payronel as her daycare provider (RR. IV – 50-51, 53) (RR. VI – 80). By October 2009, Jane's two older brothers had moved on to school, but Jane was still attending Marie's daycare, which was set up in a section of Marie's home (RR. IV – 56-57).

Jane's mother felt very close to Marie, but she did not feel close to Marie's husband, the appellant (RR. IV – 57, 60) (RR. VI – 81). The appellant would often be done with his work by the time that Jane's mother was picking her up from daycare (RR. IV – 59-60) (RR. VI – 92). According to Marie, the appellant might

---

[1]  A person "who has access to or obtains the name, address, telephone number, or other identifying information of a victim younger than 17 years of age may not release or disclose the identifying information to any person who is not assisting in the investigation, prosecution, or defense of the case." TEX. CODE CRIM. PROC. art. 57.02(h) (West 2010). The term "victim" means a person who was the subject of: "(A) an offense the commission of which leads to a reportable conviction or adjudication under Chapter 62; or (B) an offense that is part of the same criminal episode, as defined by Section 3.01, Penal Code, as an offense described by Paragraph (A)." TEX. CODE CRIM. PROC. art. 57.01 (4) (West 2010). The release or disclosure of such information to any person is a class C misdemeanor. TEX. CODE CRIM. PROC. art. 57.03(d) (West 2010). Therefore, the pseudonym "Jane" will be used for the victim in this case.

sometimes play with the kids, but he "almost never" took them to the bathroom (RR. VI – 93). The appellant would, however, say "flirtatious things" to Jane's mother that "creeped [her] out a little bit." (RR. IV – 60).

On October 27, Jane's mother picked Jane up from daycare around 3:30 p.m. and was driving her home when Jane said, "Mommy, Bobby licked the owie on my vagina today." (RR. IV – 64). Jane's mother was shocked and asked for clarification (RR. IV – 64). Jane repeated, "Bobby licked my vagina." (RR. IV – 64). The appellant was the only Bobby that they knew (RR. IV – 64-65). Jane stated that the assault occurred on the bed and that the appellant had pulled down her pants (RR. IV – 65-66). When they arrived home, Jane's parents discussed the situation and decided to call Marie (RR. IV – 67-68) (RR. VI – 90-91). Marie had apparently been at the doctor that day, which allowed the appellant an opportunity to assault Jane (St. Ex. 20) (RR. VI – 89).

After talking with Marie, Jane's parents called the police (RR. IV – 69). The police told them that Jane needed to go to Memorial Hospital for a sexual-assault examination (RR. IV – 16, 71). On the way to the hospital, Jane said, "Mommy, Bobby says my penis looks like a sucker." (RR. IV – 76) (St. Ex. 20). On another occasion, her mother asked her, "Did you – did you touch Bobby's penis?" (RR. IV – 79). Jane responded, "No. I licked it, but don't tell the doctor." (RR. IV – 79).

At the hospital, Jane told the nurse, "Bobby, he licked my gina," and she pointed to her vagina (RR. IV – 149) (RR. V – 102). Jane also stated that the appellant had licked her buttocks (RR. IV – 150). The nurse took Jane's clothing for analysis (RR. IV – 71-74, 132, 137, 151). The analysis revealed that there was no blood or semen on Jane's clothing, but there was male DNA on the crotch area of her panties (RR. IV – 217, 231, 241). Furthermore, although Jane's father and brothers were excluded as a source, the appellant could not be excluded as the depositor of that male DNA (RR. IV – 185, 236) (RR. V – 67). Specifically, the appellant's Y-chromosome profile was present in 1 in 79 Caucasians, 1 in 154 African-Americans; and 1 in 100 Hispanics (RR. IV – 232, 237, 239).

Jane later told a forensic interviewer about the appellant's assaults (RR. V – 162-163) (St. Ex. 20). She stated that the appellant licked her vagina, her forehead, her leg, and her butt during the course of the assault (RR. V – 162-163) (St. Ex. 20). She said that she did not have to lick the appellant and that she did not see any part of his body (St. Ex. 20). She also stated that at the end of the assault, the appellant said, "I'm going to get you down now." (RR. V – 163) (St. Ex. 20).

## SUMMARY OF THE ARGUMENT

The court of appeals held that the trial court improperly excluded the female members of the appellant's family from the courtroom during the punishment phase after one of them had asked a juror, "How does it feel to convict an innocent man?" But the public-trial issue was not preserved for appellate review because the appellant not ask the trial court to do anything and did not alert the trial court to the specific grounds that he would raise on appeal.

## ARGUMENT

During a break in the punishment-phase testimony, a woman who was "part of the defense in this case" approached one of the jurors and said: "How does it feel to convict an innocent man?" (RR. IX – 7). The trial judge stated that he would find out who it was and hold her in contempt (RR. IX – 7). The appellant's counsel asked about potential character witnesses sitting in the courtroom, and the trial court decided to "invoke the Rule." (RR. IX – 7-8). The appellant did not object (RR. IX – 8). The prosecutor also asked that female members of the appellant's family be excluded from the courtroom during testimony because of concerns of "jurors being intimidated." (RR. IX – 8-9). The appellant responded that it was "too broad to exclude [his] wife and daughter," but the prosecutor answered that the family's behavior had "crossed the line into…intimidation of a juror." (RR. IX – 9). The trial court agreed and stated: "Nobody will stay in the

4

courtroom while we proceed with this matter. Instruct your prospective witnesses to wait outside until such time as they can come in." (RR. IX – 9). The appellant never specifically objected to the closing of the courtroom.

To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *see Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). The purpose of requiring an objection is to give the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection. *Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000). Even constitutional guarantees can be waived by failure to object at trial. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Finally, arguments on appeal must comport with the objection at trial or the error is waived. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

A public trial enables the public to see that the accused is dealt with fairly and not unjustly condemned, and the presence of spectators ensures that the accused's triers are aware of their responsibility and its importance. *Waller v. Georgia*, 467 U.S. 39, 46 (1984). *Id.* A public trial also ensures that the judge and

5

prosecutor carry out their duties responsibly, and it encourages witnesses to come forward and discourages perjury. *Id*.

The right to a public trial, however, is not absolute. *Addy v. State*, 849 S.W.2d 425, 429 (Tex. App.—Houston [1st Dist.] 1993, no writ). A defendant's right to a public trial is not one of the few "systemic requirements" that a trial court must follow even if the parties wish otherwise, nor is it a "waiveable" right which must be implemented unless expressly waived. *Mitchell v. State*, No. 10–10–00307–CR, 2011 WL 5994154 at *7 (Tex. App.–Waco 2011, no pet.) (not designated for publication) (citing *Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004)).

In the present case, the appellant never objected to the general exclusion of people from the courtroom during the punishment phase. Therefore, the appellant waived his right to present this complaint on appeal. *Compare Levine v. United States*, 362 U.S. 610, 619–20 (1960) (concluding that general objection to the nature of the proceedings was insufficient to alert the trial court to public trial objection, thus appellant did not preserve error for review); *McEntire v. State*, 265 S.W.3d 721, 723 (Tex. App.—Texarkana 2008, no pet.) ("the San Antonio Court of Appeals found that this right fell into the third category and was forfeited by a failure to complain of exclusion of the public"); *Rodriguez v. State*, No. 04–04–00230–CR, 2005 WL 899963 *1–2 (Tex. App.—San Antonio Apr. 20, 2005, pet.

6

ref'd) (not designated for publication) ("we hold that by failing to object at the time the trial judge excluded all spectators, Rodriguez forfeited his right to present this complaint on appeal."); *Coble v. State*, 330 S.W.3d 253, 277 n.56 (Tex. Crim. App. 2010) (citing *Espada v. State*, No. AP–75,219, 2008 WL 4809235 at \*4 (Tex. Crim. App. 2008) (not designated for publication) ("The record reflects, however, that appellant failed to object at trial that he was being denied the right to a public trial. Therefore, he forfeited the right to raise this complaint on appeal.") (not cited as authority but merely as a curiosity pursuant to Rule 77.3)); *with Cameron v. State*, PD-1427-13, 2014 WL 4996290 (Tex. Crim. App. Oct. 8, 2014) (holding that defendant preserved public trial issue for appeal when he brought issue to attention of trial court and then requested at least six separate times that court rule on defendant's objection, but court declined to do so).

On appeal, the appellant characterized his response to the State's request as an "objection." (App'nt Brf. 10). But in the trial court, the appellant characterized it simply as a response, as follows: "we'd *respond* to that by saying that's too broad to exclude Mr. Peyronel's wife and daughter to create the impression in the jury's mind that he has absolutely no support whatsoever here." (RR. IX – 9) (emphasis added). This response did not ask the trial court to do anything. Moreover, it did not alert the trial court to the specific grounds that would be raised on appeal, namely, the right to a public trial. Rather, the response was couched in terms of

7

visible family support for the appellant rather than the benefits of the public's observation of official proceedings. Therefore, it did not state the specific grounds for the objection. TEX. R. APP. P. 33.1(a). The appellant did not preserve his public-trial complaint for appeal, and the court of appeals erred in holding that the issue was preserved.

## **PRAYER**

It is respectfully requested that the opinion of the court of appeals should be reversed in part so that the punishment is affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
kugler_eric@dao.hctx.net
TBC No. 796910

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 1,590 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Frances Bourliot
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas  77002
frances.bourliot@pdo.hctx.net

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
Lisa.McMinn@SPA.texas.gov

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 796910

Date: January 15, 2015