**Affirmed and Opinion Filed December 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01416-CR

## VICTOR HILL, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F-1357879-L

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and O'Neill[1]
Opinion by Justice Stoddart

A jury convicted Victor Hill of capital murder. The trial court sentenced him to life imprisonment without parole. *See* TEX. PENAL CODE ANN. § 12.31(a)(2) (West 2014). Hill raises three issues on appeal: (1) the court's jury instruction on an accomplice witness was a comment on the weight of the evidence; (2) the trial court failed to make written findings regarding the voluntariness of his recorded statements to police; and (3) he was denied a public trial during voir dire. We affirm the trial court's judgment.

After responding to a grass fire, a fire rescue officer found the burned body of Dolores Gomez-Martinez. The hands of the victim were bound with wire or string. A bottle-cap smelling of gasoline was found nearby. The pathologist who performed the autopsy determined the victim

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

died as the result of homicidal violence, including thermal burns, smoke inhalation, and possible strangulation.

Shatyra Johnson lived with Hill as a friend. Other women, who worked as prostitutes, lived there as well. On July 2, 2013, Hill told Johnson he was going to rob Gomez-Martinez when Gomez-Martinez came to meet with a prostitute. When Gomez-Martinez arrived, Hill ordered him to remove his clothing and his valuables from his pockets. Hill ordered Johnson to restrain Gomez-Martinez with a "stick" with two nails protruding from one end. Hill took cash, a debit or credit card, car keys, and a phone from Gomez-Martinez. Hill left, but returned with two other men and demanded the PIN number for Gomez-Martinez's bank account. One of the men began beating Gomez-Martinez to force him to reveal the number. The men later bound Gomez-Martinez's hands and ankles and kept him at Hill's house until after dark. Hill then escorted Gomez-Martinez to Gomez-Martinez's truck and left. The next morning, Johnson asked Hill what had happened. Hill eventually admitted to killing Gomez-Martinez by setting him on fire. Hill told Johnson the other men did not help in killing Gomez-Martinez. Hill tried unsuccessfully to sell the complainant's truck and eventually burned it.

In recorded interviews with police, Hill admitted to being a participant in the offense, but claimed the other men were responsible for Gomez-Martinez's death. Other evidence tended to connect Hill to the offense, including recordings of Hill and one of the men driving the complainant's truck and attempting to use his account cards. Witnesses testified Hill attempted to sell the truck and told one of them he had killed someone.

### A. Jury Charge

In his first issue, Hill argues the trial court's instruction to the jury that "the witness, Shatrya Johnson, is an accomplice, as a matter of law" was a comment on the weight of the evidence. Hill did not object to the jury charge. Thus, if we find error in the charge, we will

reverse only if the error was "so egregious and created such harm" that appellant "has not had a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010) (all jury-charge errors are cognizable on appeal, but unobjected-to error is reviewed for "egregious harm," while objected-to error is reviewed for "some harm.").

Texas laws provides that a defendant cannot be convicted on the testimony of an accomplice unless the testimony is corroborated by other evidence tending to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *see Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) (testimony of an accomplice must be corroborated by "independent evidence tending to connect the accused with the crime"). An accomplice is someone who, under the evidence, could have been charged with the same or a lesser included offense as the defendant. *Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013).

A witness may be an accomplice as a matter of law or as a matter of fact. *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). A witness who is indicted for the same or a lesser included offense as the defendant is an accomplice as a matter of law. *Id.* When there is no doubt from the evidence that a witness is an accomplice as a matter of law, the trial court must instruct the jury accordingly. *Id.* When the evidence is conflicting about whether a witness is an accomplice, the trial court should instruct the jury to determine the status of the witness as a fact issue. *Id.* at 440.

A "proper accomplice-witness instruction informs the jury either that a witness is an accomplice as a matter of law or that he is an accomplice as a matter of fact." *Zamora*, 411 S.W.3d at 510. The jury instruction must also explain the definition of an accomplice and instruct the jury about the corroboration requirement. *Id.*

On appeal, Hill admits that Johnson was an accomplice as a matter of law because she was charged with the same offense or a lesser included offense. He does not complain about the definition of an accomplice in the charge. His complaint is that the court instructed the jury that Johnson was an accomplice as a matter of law without the words "if an offense was committed." Hill contends that without this qualifying language, the charge commented on the weight of the evidence by instructing the jury that an offense was committed.

The jury charge instructed the jury about the definition of an accomplice. The next paragraph instructed:

> You are instructed that the witness, Shatrya Johnson, is an accomplice, as a matter of law. You cannot convict the defendant upon the testimony of Shatrya Johnson alone, unless you first believe that her testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other evidence in the case, outside of the evidence of the said Shatrya Johnson tending to connect the defendant with the offense committed, if you find that an offense was committed; and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission; and then, from all of the evidence, you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him.

By reading the first sentence of this instruction in isolation, Hill constructs an argument that the charge commented on the weight of the evidence by assuming an offense was committed. However, viewing the paragraph in its entirety, it is obvious the instruction did not assume a disputed fact. Indeed, the trial court instructed the jury that it could not convict Hill on Johnson's testimony unless it believed there was other evidence "tending to connect the defendant with the offense committed, *if you find that an offense was committed*." Thus, the charge did not instruct the jury that an offense was committed.

Furthermore, there was no factual dispute that Gomez-Martinez died of unnatural causes. His body was found with the hands bound at the scene of a fire and the pathologist determined the death was the result of homicidal violence. Thus, whether an offence occurred was not a

disputed fact issue.

We conclude the instruction did not comment on the weight of the evidence by telling the jury an offense was committed. We overrule Hill's first issue.

**B. Findings of Fact and Conclusions of Law**

Hill's second issue argues the trial court erred by failing to file written findings of fact and conclusions of law regarding the voluntariness of his two video-recorded statements to police. The trial court found both statements were voluntary and admitted them in evidence. As to one statement, the trial court dictated findings of fact and conclusions of law into the record. However, there were no written findings and conclusions as to the other statement.

Section six of article 38.22 provides in part that if a statement of an accused is found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, "the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2015); *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (written findings are required in all cases concerning voluntariness).

We abated this appeal and directed the trial court to make the required findings and conclusions. *See Vasquez*, 411 S.W.3d at 920; *see also Urias v. Stale*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) ("The proper procedure is that the trial judge be directed to make the required written findings of fact and conclusions of law."). The trial court has submitted written findings and conclusions regarding Hill's statements and they are now part of the record. We overrule Hill's second issue as moot.

**C. Public Trial**

Hill's third issue argues his right to a public trial was violated during voir dire because so

many potential jurors were summoned, there was no room in the courtroom for the public. Hill's counsel admits that the record is not clear whether the courtroom was closed to the public and that trial counsel did not object on this ground. However, he requests that we take judicial notice of the seating capacity of the courtroom and argues that the number of venire persons summoned exceeded that capacity, leaving no room for the public.

A complaint that a defendant's right to a public trial was violated is subject to forfeiture. *Peyronel v. State*, 465 S.W.3d 650, 653 (Tex. Crim. App. 2015), *cert. denied*, (U.S. Nov. 30, 2015). An appellant has the burden of stating the grounds for the ruling sought from the trial court with "sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1. Trial counsel never objected that Hill's right to a public trial was violated in any manner. Nor is there any indication in the record that members of the public attempted but were unable to view the voir dire proceedings. We conclude Hill failed to preserve error. We overrule Hill's third issue.

### D. Conclusion

Having overruled Hill's issues on appeal, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
141416F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR HILL, Appellant

No. 05-14-01416-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1357879-L.
Opinion delivered by Justice Stoddart,
Justices Fillmore and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of December, 2015.