

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1274-14

**BOBBY JOE PEYRONEL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, KEASLER, RICHARDSON, YEARY, and NEWELL, JJ., joined. JOHNSON, J., filed a dissenting opinion. ALCALA, J., concurred.

### O P I N I O N

In this case we must decide whether a defendant's right to a public trial is subject to forfeiture. Because we hold that the right at issue is forfeitable and Appellant failed to preserve his public-trial complaint for appellate review, we reverse the portion of the judgment of the court of appeals remanding for a new punishment trial and otherwise affirm the judgment of the trial court.

## BACKGROUND

Appellant was convicted of aggravated sexual assault of a child under fourteen years of age. TEX. PENAL CODE § 22.021(a)(2)(B). The jury fined him $10,000 and assessed his punishment at fifty years in the Correctional Institutions Division of the Texas Department of Criminal Justice. During a break in the punishment-phase proceeding, an unidentified woman that the record shows was "part of the defense" approached a juror and asked, "How does it feel to convict an innocent man?" At a conference following the comment and outside the presence of the jury, the trial court excused all punishment-phase witnesses from the courtroom on its own motion,[1] but the State also asked the trial court to exclude from the courtroom "female members of the defendant's family . . . during testimony. I just don't want any of the jurors at this point to feel intimidated while having to make a decision." Defense counsel then stated,

> Your Honor, we'd respond to that by saying that's too broad to exclude [Appellant]'s wife and daughter to create the impression in the jury's mind that he has absolutely no support whatsoever here.

The State defended its request by noting that it would normally "never ask" for exclusion, but it believed that the limited exclusion was necessary in this situation because it was clear throughout the trial that Appellant had support, that the comment crossed the line into what the State considered intimidation of a juror, and that the woman who made the

---

[1]*See* TEX. R. EVID. 614. The relevant portion of Rule 614 states, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own." *Id.*

comment was still unidentified. The judge agreed but also decided to exclude everyone in the gallery.

On appeal, Appellant argued that he preserved a complaint for review that his right to a public trial was violated and that the closure of the courtroom violated that right.[2] The State argued that a defendant's public-trial right is subject to forfeiture, and that Appellant's complaint was not properly preserved. The court of appeals agreed with Appellant that he preserved his claim, reversed the trial-court judgment as to punishment, and remanded the cause to the trial court for a new punishment hearing. *See Peyronel v. State*, 446 S.W.3d 151, 162 (Tex. App.—Houston [1st Dist.] 2014, pet. granted).

We granted the State's petition for discretionary review on a single ground: "The court of appeals erred in finding that the public-trial issue was preserved for review when the appellant [did] not ask the trial court to do anything and did not alert the trial court to the specific grounds that he would raise on appeal."[3]

## DISCUSSION

We have never directly addressed the issue of whether a person's right to a public

---

[2]Appellant also challenged his court costs and argued that the judgment of conviction incorrectly stated that he had been found guilty of committing aggravated sexual assault of a child under six years of age. The court of appeals overruled his court-costs claim, but it agreed that the judgment of conviction required modification. *See Peyronel v. State*, 446 S.W.3d 151, 154 (Tex. App.—Houston [1st Dist.] 2014, pet. granted).

[3]In this case, we address only whether the normal rules of procedural default apply to the public-trial right. We express no opinion as to the propriety of the trial judge's actions.

trial is mandatory, subject to waiver, or can be forfeited through inaction.[4] We begin by discussing our seminal decision in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

In *Marin*, we differentiated between rights that are mandatorily enforced, rights subject to waiver, and rights subject to forfeiture. *Id.* at 279. Regarding mandatorily enforced rights, we stated that "[i]mplementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties." *Id.* We also noted that some rights, while not capable of being forfeited, may be expressly waived by a defendant. *Id.* (citing *Janecka v. State*, 739 S.W.2d 813, 829 (Tex. Crim. App. 1987)) (stating that a waiver must amount to an "intentional relinquishment or abandonment of a known right or privilege"). Finally, addressing rights that can be forfeited by inaction alone, we concluded that "[a]ll but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong. Many constitutional rights fall into this

---

[4]However, fifteen years ago members of this Court suggested that the right to a public trial is subject to forfeiture. *See Blue v. State*, 41 S.W.3d 129, 143 n.15 (Tex. Crim. App. 2000) (Keller, J., dissenting joined by McCormick, P.J., and Womack, J.).

In our recent decision of *Cameron v. State*, No. PD–1427–13, 2014 WL 4996290 (Tex. Crim. App. Oct. 8, 2014, reh'g granted), the State argued that the appellant failed to preserve her public-trial complaint for appeal. *See id.* at \*4. However, we did not directly address the issue of whether a public-trial claim is subject to the normal rules of procedural default. Moreover, our decision in *Cameron* is not final because we granted the State's motion for rehearing, which is still pending.

In *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012), the State argued that, based on the terms of his plea agreement, the appellant intentionally relinquished his right to a public trial, not that the appellant forfeited his right to a public trial. *Id.* It is that question that we must answer today.

category." *Id.*

We now must decide which *Marin* category the right to a public trial falls within, and because this is an issue of first impression, we look to other jurisdictions for guidance. At least one federal circuit court of appeals has concluded that the right to a public trial can be only waived.[5] Other jurisdictions have held that the public-trial right is subject to the invited-error doctrine under state law[6] or can be waived by consent,[7] but our research reveals no jurisdictions that require the public-trial right to be implemented regardless of the parties' wishes. Rather, we have found that the majority of jurisdictions addressing the issue have held that the public-trial right may be forfeited.[8] In reaching that

---

[5]*See Walton v. Briley*, 361 F.3d 431, 434 (7th Cir. 2004) (holding that the federal habeas petitioner had not waived his public-trial complaint by failing to object because that right may be relinquished only upon showing of a knowing and voluntary waiver).

[6]*United States v. Gomez*, 705 F.3d 68, 76 (2d Cir. 2013); *State v. Benton*, 858 N.W.2d 535, 540 (Minn. 2015); *In re Coggin*, 340 P.3d 810, 815 (Wash. 2014); *State v. Cassano*, 772 N.E.2d 81, 95 (Ohio 2002).

[7]*Addai v. Schmalenberger*, 776 F.3d 528, 533 (8th Cir. 2015) (citing *State v. Addai*, 778 N.W.2d 555, 570 (N.D. 2010)); *Commonwealth v. Dyer*, 955 N.E.2d 271, 281–82 (Mass. 2011).

[8]*See, e.g.*, *United States v. Christi*, 682 F.3d 138, 142–43 (1st Cir. 2012); *Downs v. Lape*, 657 F.3d 97, 108 (2d Cir. 2011); *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006); *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009); *United States v. Rivera*, 682 F.3d 1223, 1232 (9th Cir. 2012); *State v. Pinno*, 850 N.W.2d 207, 227 (Wis. 2014); *People v. Alvarez*, 979 N.E.2d 1173, 1176 (N.Y. 2012); *Robinson v. State*, 976 A.2d 1072, 1079 (Md. 2009); *People v. Vaughn*, 821 N.W.2d 288, 303 (Mich. 2012); *State v. Butterfield*, 784 P.2d 153, 157 (Utah 1989).
Texas courts of appeals that have addressed the issue have unanimously reached the conclusion that the right to a public trial may be forfeited. We cite unpublished opinions, however, only for illustrative purposes and not for precedential value. *See, e.g.*, *Pena v. State*, 441 S.W.3d 635, 643 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Hamilton v. State*, 2013 WL 485776, at *2 (Tex. App.—Dallas Feb. 6, 2013, pet. ref'd) (mem. op.) (not designated for publication); *Turner v. State*, 413 S.W.3d 442, 447 (Tex. App.—Fort Worth 2012, no pet.); *Head v. State*, 2010 WL 177779, at *3 (Tex. App.—Tyler Jan. 20, 2010, pet. ref'd) (mem. op.) (not

conclusion, many courts cite to the Supreme Court's decision in *Levine v. United States*, 362 U.S. 610, 619 (1960),[9] and although not faced with the issue since,[10] even the Supreme Court has cited *Levine* for that proposition.[11] We agree with the majority of courts and hold that a complaint that a defendant's right to a public trial was violated is subject to forfeiture. We now must decide whether the Appellant preserved his public-trial claim in this case.

## APPLICATION

During a break in the punishment-phase proceeding, a woman that was "part of the defense" asked a juror how it feels to convict an innocent man. At a conference that

designated for publication); *Luedecke v. State*, 2010 WL 3049088, at *2 (Tex. App.—Corpus Christi Aug. 5, 2010, no pet.) (mem. op.) (not designated for publication); *Mitchell v. State*, 377 S.W.3d 21, 29 (Tex. App.—Waco 2011, pet. ref'd, untimely filed); *Rodriguez v. State*, 2005 WL 899963, at *1 (Tex. App.—San Antonio Apr. 20, 2005, pet. ref'd) (mem. op.) (not designated for publication); *cf. Woods v. State*, 383 S.W.3d 775, 780 n.2 (Tex. App.—Houston [14th Dist.] 2012, no pet. ref'd) (reserving the issue of whether a defendant's public-trial right may be waived or forfeited); *McEntire v. State*, 265 S.W.3d 721, 722 (Tex. App.—Texarkana 2008, no pet.).

[9]The Court relied on the due-process provision of the Fifth Amendment to resolve the petitioner's claim in *Levine* because the public-trial protection of the Sixth Amendment does not extend to contempt proceedings. *See Levine*, 362 U.S. at 616. However, the Court relied upon Sixth Amendment principles in resolving his claim and has subsequently cited *Levine* for the proposition that the Sixth Amendment public trial can be forfeited. *See infra*, note 11; *Rivera*, 682 F.3d at 1233 n.6.

[10]Although the Supreme Court addressed the Sixth Amendment public-trial right after its decision in *Levine*, those cases are distinguishable because the petitioners in those cases objected at trial. *See Presley v. Georgia*, 558 U.S. 209, 210 (2010); *Waller v. Georgia*, 467 U.S. 39, 42 (1984).

[11]*Peretz v. United States*, 501 U.S. 923, 936 (1991) (citing *Levine*, 362 U.S. at 619); *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991) (citing *Levine*, 362 U.S. at 619) (Scalia, J., concurring in part and concurring in judgment, joined by O'Connor, Kennedy, and Souter, JJ.).

followed the comment and outside the presence of the jury, the judge determined that the best way to assuage jury intimidation fears was to exclude all members from the gallery for the remainder of the punishment phase. Appellant argued that the proposed remedy was too broad and would "create the impression in the jury's mind that [Appellant] has absolutely no support whatsoever here." From this excerpt, it appears to us that Appellant was worried about the perception of the jury if no one was present in the gallery to support him, but it is hardly clear from the record that Appellant's argument was the functional equivalent of asserting that his constitutional right to a public trial was being violated.[12] We agree with Appellant that he was not required to use "magic language" to preserve his public-trial complaint for review, but Appellant had the burden to "state[] the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1. Instead, Appellant is now trying to "raise an abstract claim . . . as an afterthought on appeal." *See Levine*, 362 U.S. at 620. We sustain the State's ground for review, reverse the judgment of the court of appeals in part, and

---

[12]We decline to hold that any objection to the exclusion of any non-essential person from the courtroom during a trial preserves a public-trial complaint for review. We have stated that "the complaining party must let the trial judge know what she wants and why she thinks she is entitled to it, and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it." *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). In this case, if the trial court had understood Appellant's objection as a complaint that his right to a public trial was violated, it would have been in a position to hold a *Waller* hearing to determine if the courtroom was impermissibly closed. *See Waller*, 467 U.S. at 39. Moreover, if the trial court ruled against Appellant after holding a *Waller* hearing, his complaint would have been preserved for review. *See* TEX. R. APP. 33.1.

otherwise affirm the judgment of the trial court.

Hervey, J.

Delivered: June 24, 2015

Publish