ACCEPTED
06-15-00084-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/10/2015 12:26:22 PM
DEBBIE AUTREY
CLERK

No. 06-15-00084-CR

No. 06-15-00085-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/11/2015 4:30:00 PM
DEBBIE AUTREY
Clerk

IN THE

COURT OF APPEALS

FOR THE SIXTH

JUDICIAL DISTRICT OF TEXAS

TEXARKANA

MIKE ALVIN RUIZ,

Appellant

V.

THE STATE OF TEXAS,

Appellee

Appealed in Cause Nos. 1524438, 1524439, and 1524608

8th Judicial District Court of Hopkins County, Texas

BRIEF FOR APPELLEE

# IDENTITY OF PARTIES AND COUNSEL

**Trial Judge**: The Honorable Eddie Northcutt, 8th Judicial District Court of Hopkins County, 118 Church St., Sulphur Springs, Texas 75804.

**Appellant**: Mike Alvin Ruiz, ID#25116, 298 Rosemont, Sulphur Springs, TX, 75482.

**Counsel for Appellant at Trial:** Appellant was represented at the Trial Court by Roland Ferguson, 1804 Woodbridge Dr., Sulphur Springs, Texas 75482.

**Counsel for Appellant on Appeal:** Appellant is represented on appeal by J. Edward Niehaus, 207 W. Hickory St. Suite 309, Denton, Texas 76201.

**Counsel for the State of Texas at Trial**: The State of Texas was represented by Nicholas Harrison, Assistant District Attorney of the 8th Judicial District.

**Counsel for the State of Texas on Appeal:** The State is represented on appeal by Nicholas Harrison, Assistant District Attorney of the 8th Judicial District.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

8th Judicial District

State Bar No 24062768

# TABLE OF CONTENTS

**TABLE OF CONTENTS**     **3**

**TABLE OF AUTHORITIES**     **4**

**SUMMARY OF THE ARGUMENT**     **5**

**ARGUMENT AND AUTHORITIES**     **5**

**I.**    **The Trial Court did not err by temporarily removing a defense witness**     **5**

**II.**   **Appellant failed to preserve error**     **8**

**PRAYER FOR RELIEF**     **9**

**CERTIFICATE OF SERVICE**     **10**

# TABLE OF AUTHORITIES

**Cases**

Addy v. State, 849 S.W.2d 425 (Tex. App. Houston – 1993) ..................................6

Andrade v. State, 246 S.W.3d 217 (Tex. App. Houston – 2008) ............................7

Hernandez v. State, 914 S.W.2d 218 (Tex. App. El Paso – 1996) ..........................6

Peyronel v. State, 2015 WL 3879824 ................................................................8,9

U.S. ex. Rel. Orlando v. Fay, 350 F.2d 967...........................................................7

**Rules**

TRAP 33.1; ...............................................................................................................9

## SUMMARY OF THE ARGUMENT

The Trial Court did not err by temporarily removing a defense witness from the courtroom who was engaging in disruptive conduct. Appellant failed to preserve error.

## ARGUMENT AND AUTHORITIES

Appellant presents a sole issue for review: Did the Trial Court commit reversible error in temporarily removing a defense witness from the courtroom during part of Appellant's testimony?

**I.    The Trial Court did not err by temporarily removing a defense witness from the courtroom who was engaging in disruptive conduct.**

During sentencing, the Trial Court directed that Appellant's mother be removed from the courtroom after the following exchange:

COURT: Let me see the attorneys.

COURT: Ms. Ruiz, I'm going to ask you to remain outside the courtroom while your son is testifying. You're trying to testify for him and with him.

MS. RUIZ: No.

COURT: Okay. Well, I'm going to let you sit outside. I've kind of put up with that when the officers were on the stand as you kind of tried to agree or disagree – mostly disagree, as if you were there. I've not heard any testimony to show that you were there that night. Now your son is testifying, and you're either trying to kind of help him or whatever, it appears to me. So just to take that out of the picture – okay – I'm going to have you remain outside the courtroom. There's some benches outside. Sit outside, and we'll call you when we're ready. Okay?

MS. RUIZ: Okay.

COURT: Thank you. (Reporter's Record v4 pgs. 68-69).

Ms. Ruiz was subsequently allowed back into the courtroom to testify (Reporter's Record v4 pg. 85).

To quote Hernandez v. State, 914 S.W.2d 218 (Tex. App. El Paso – 1996),

*"Barring some members of the public from a courtroom, however, does not necessarily mean that the accused has been denied a public trial, as that determination is based on the particular circumstances of the case. Neither the right of the accused nor of the citizenry to a public trial is absolute, and reasonable limitations on public attendance may be imposed where they are*

*necessary to protect a state interest that outweighs the defendant's right to public scrutiny."*

In <u>Andrade v. State</u>, 246 S.W.3d 217 (Tex. App. Houston – 2008), the Trial Court ejected one of the defendant's attorneys when he argued with the Court in violation of a standing procedural order. The Court of Appeals stated that a Trial Court's authority to keep order in the courtroom is "a '*substantial reason' justifying … partial closure…*" In fact, even a criminal defendant himself may be removed from the courtroom for the same reason.

<u>Andrade</u> cited <u>U.S. ex. Rel. Orlando v. Fay</u>, 350 F.2d 967, which held that the guarantee of a public trial means only that the public must be freely admitted so long as those persons and groups who make up the public remain silent and behave in an orderly fashion so that the trial may continue.

<u>Addy v. State,</u> 849 S.W.2d 425 (Tex. App. Houston – 1993), provides an example of a partial closure that constituted reversible error. The contrast between the case at bar and <u>Addy</u> is compelling. In <u>Addy</u>, six of the defendant's friends were excluded (1) during the findings portion of trial, (2) over defense objection, (3) none of whom were witnesses for either party, (4) without engaging in disruptive behavior, (5) the jury saw the spectators being removed from the

courtroom, (6) and the Trial Court gave no compelling reason on the record for removing them.

In our case, however, (1) the removal occurred during the sentencing portion of the trial, (2) without defense objection, (3) the removed person was in fact a defense witness who could have been excluded under the Rule at the request of either party, (4) the removed person did engage in disruptive behavior, (5) there was no jury present, and (6) the Trial Court articulated on the record his reasons for temporarily removing her.

Although the Court in <u>Addy</u> found that the removal of the defendant's friends constituted error, the opinion states, "The barring of only some members of the public from the courtroom does not necessarily mean that an accused has been denied a public trial. That determination turns on the particular circumstances of the case." <u>Id</u>. It is clear that under the facts of our case, even the <u>Addy</u> Court would reach a different conclusion.

## II.    Appellant failed to preserve error.

<u>Peyronel v. State</u>, 2015 WL 3879824, is a recent case from the Texas Court of Criminal Appeals. <u>Peyronel</u> discusses the <u>Marin</u> analysis and which rights are mandatory, which rights are subject to waiver, and which rights are subject to forfeiture. <u>Peyronel</u> stated, "We agree with the majority of courts and hold that a

complaint that a Defendant's right to a public trial was violated is subject to forfeiture." In other words, if a Defendant does not expressly assert this right at trial, it is forfeited.

Under Texas Rule of Appellate Procedure 33.1, the Defendant has the burden to state the grounds for the ruling sought from the Trial Court with sufficient specificity to make the Trial Court aware of the complaint, unless the specific grounds are apparent from the context. TRAP 33.1.

In Peyronel, the Defendant actually objected at the time persons were removed from the courtroom. However, the Court held that the objection was not specific enough. Id.

In the case at bar, the record is devoid of any objection made at trial by Appellant. Therefore, he failed to preserve any error and may not complain of it for the first time on appeal.

## PRAYER FOR RELIEF

The State requests that this Court AFFIRM Appellant's conviction and sentence.

By:/s/ Nicholas C. Harrison
Nicholas C. Harrison
Assistant District Attorney

State Bar No 24062768

P.O. Box 882

Sulphur Springs, Texas 75483

(903) 885-0641

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Jason Niehaus, on this the 9th day of September, 2015.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney

## CERTIFICATE OF WORD COUNT

I certify that this document contains 929 words according to the counting tool in the program used to generate this document.

By:/s/ Nicholas C. Harrison

Nicholas C. Harrison

Assistant District Attorney