

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00084-CR

MIKE ALVIN RUIZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1524608

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After having accepted Mark Alvin Ruiz' open guilty plea to the offense of aggravated assault of a public servant with a deadly weapon,[1] the trial court sentenced Ruiz to thirty years' imprisonment. Ruiz contends that the trial court violated his right to a public trial, as guaranteed by the United States and Texas Constitutions, by requiring his mother to leave the courtroom when Ruiz testified at the sentencing hearing. Because no error was preserved on the public-trial issue, we affirm the trial court's judgment.

At a bench conference during the sentencing hearing, the trial court evidently concluded that Ruiz' mother was attempting to "help" him testify:

> THE COURT: Just a second. Ms. Ruiz -- Ms. Ruiz, come forward, please. Let me see the attorneys. Ms. Ruiz, I'm going to ask you to remain outside the courtroom while your son is testifying. You're trying to testify for him and with him.
>
> MS. RUIZ: No.
>
> THE COURT: Okay. Well, I'm going to let you sit outside. I've kind of put up with that when the officers were on the stand as you kind of tried to agree or disagree -- mostly disagree, as if you were there. I've not heard any testimony to show that you were there that night. Now your son is testifying, and you're either trying to kind of help him or whatever, it appears to me. So just to take that out of the picture -- okay -- I'm going to have you remain outside the courtroom. There's some benches outside. Sit outside, and we'll call you when we're ready. Okay?
>
> MS. RUIZ: Okay.
>
> THE COURT: Thank you.

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West Supp. 2014).

Ruiz did not object to the trial court's decision to remove his mother from the courtroom while he testified. Ruiz now complains that his mother's exclusion from the courtroom during a portion of the sentencing hearing violated his right to a public trial.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the right to a speedy and public trial." U.S. CONST. amend. VI. Because the violation of this right is structural error, a showing of harm is not required to warrant a reversal. *Presley v. Georgia*, 558 U.S. 209 (2010) (per curiam); *Johnson v. United States*, 520 U.S. 461, 468–69 (1997); *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012); *Steadman v. State*, 360 S.W.3d 499, 510 (Tex. Crim. App. 2012).

Ruiz contends that, because the complained-of error is structural in nature, a contemporaneous objection was not required to preserve the issue for appellate review. The Texas Court of Criminal Appeals has recognized that "our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Texas appellate courts have historically held that a complaint of a public-trial violation must be preserved for appellate review. *See Pena v. State*, 441 S.W.3d 635, 643 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Turner v. State*, 413 S.W.3d 442, 447 (Tex. App.—Fort Worth 2012, no pet.); *Mitchell v. State*, 377 S.W.3d 21, 29 (Tex. App.—Waco 2011, pet. dism'd); *see also McEntire v. State*, 265 S.W.3d 721, 722–23 (Tex. App.—Texarkana 2008, no pet.) (holding that defendant

3

failed to preserve Sixth Amendment public-trial complaint where counsel stated he had no objection to closing part of trial to public).

In a recent analysis of this issue, the high criminal court determined that "a complaint that a defendant's right to a public trial was violated is subject to forfeiture," *Peyronel v. State*, 465 S.W.3d 650, 653 (Tex. Crim. App. 2015), thereby squarely placing this right within the third *Marin* category. *See Marin*, 851 S.W.2d at 279. Consequently, Ruiz was required to object to his mother's removal from the courtroom at the expense of forfeiting his public-trial complaint. Because he voiced no objection to his mother's removal, Ruiz' public-trial complaint was not preserved for appellate review. *See Peyronel*, 465 S.W.3d at 653.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 2, 2015
Date Decided:       October 6, 2015

Do Not Publish

4