**Joshua Emanuel BARNETT, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14–15–00919–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed December 20, 2016

Angela Lee Cameron, Houston, TX, for Appellant.

Kathryn Davis, Houston, TX, for State.

Panel consists of Justices Boyce, Christopher, and Brown.

## OPINION

William J. Boyce, Justice

Appellant Joshua Emanuel Barnett appeals his conviction for evading detention using a motor vehicle. In a single issue, appellant contends the trial court erred in denying his motion for new trial because his right to a public trial was violated when appellant's brother did not enter the courtroom due to a locked door. We affirm.

### BACKGROUND

Deputy Mosley conducted a traffic stop on December 12, 2014, after observing appellant speeding and failing to signal a lane change. Deputy Mosley asked appellant for his driver's license during the traffic stop. Appellant told Deputy Mosley he was meeting someone at a nearby gas station to get his wallet containing his driver's license. After obtaining appellant's name, date of birth, and address, Deputy Mosley agreed to follow appellant as he drove to the gas station to obtain his driver's license.

Deputy Mosley, who was joined by Deputy Kmiec, followed appellant to the gas station. Appellant did not stop upon arrival at the gas station. Instead, appellant drove off the gas station property and cut across multiple lanes of traffic. Deputy Mosley did not pursue appellant, who later was arrested on a warrant.

Appellant was indicted for evading arrest or detention with a vehicle. A two-day trial was held from October 12–13, 2015. A jury convicted appellant of evading arrest or detention and sentenced him to five years' confinement.

Appellant filed a motion for new trial on November 11, 2015, arguing his right to a public trial had been violated. Several witnesses testified during the hearing, and additional evidence was admitted by affidavit.

Jonathan Barnett, appellant's brother, testified that he originally went to the courtroom for the 230th District Court on the 16th floor of the Criminal Justice Center on October 13. After sitting in the 230th District Court he was informed that appellant's trial had been moved to the 20th floor.[1] At some point between 9:30 a.m. and 12:00 p.m., Jonathan Barnett proceeded to the 20th floor and attempted to enter Project Courtroom # 2. He was unable to enter the courtroom because the door was locked. Jonathan Barnett waited in the hallway for 30 to 60 minutes and then left the courthouse.

Susan Bishop, appellant's trial counsel, testified that she arrived at Project Courtroom # 2 on October 13 around 7:40 a.m. She believed she entered the courtroom and was in the witness room until 8:20 a.m. During that time she observed people entering and exiting the courtroom through the main entry. Before the trial resumed, she went to the restroom and returned to the courtroom through the main entry without any issue. She testified the judge gave no instruction to close the courtroom.

An affidavit from the presiding judge was entered into evidence. The judge stated he had no knowledge of whether the courtroom doors were locked on October 13. He further stated no one raised an issue about the doors being locked during trial and he did not order the doors locked. Additionally, a district clerk's office employee and an assistant district attorney testified generally about the main entry doors of Project Courtroom # 2.

The trial court made the following findings on the record.

- There was no order or request for Project Courtroom # 2 to be closed to the public.
- Jonathan Barnett's and Bishop's testimony was the most relevant to the issue.
- Jonathan Barnett and Bishop both were credible.
- Jonathan Barnett went to Project Courtroom # 2, pulled the door, and it was locked.
- It is quite common in the courthouse for one door to be unlocked and the other to be locked.
- Frequently, when someone tells the court the doors are locked they are not; one door will open and the other will not.

The trial court concluded:

So, if you take the two together, Ms. Bishop saying that she distinctly remembers or clearly remembers going in and out the door—the front door of Project Court No. 2 before the trial began on October 13th and Mr. Barnett saying that he pulled on one of the doors and door was locked, it seems to me the most reasonable thing to conclude is that one of the doors would not open, but the other door would open. Thus explaining her ability to come in and out of the courtroom.

---

1. Although the case was pending in the 230th District Court, it went to trial on the Harris County Impact Court Docket. The Impact Court is located on the 20th floor of the Harris County Criminal Justice Center in Project Courtroom # 2.

Appellant's motion for new trial was denied. This appeal followed.

## ANALYSIS

### I. The Right to a Public Trial

 An accused is guaranteed the right to a public trial in all criminal prosecutions by the Sixth Amendment. U.S. Const. amend. VI; *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012). The Fourteenth Amendment extends this fundamental right to defendants in state criminal prosecutions. U.S. Const. amend. XIV; *Woods v. State*, 383 S.W.3d 775, 779 (Tex. App.–Houston [14th Dist.] 2012, pet. ref'd). The right to a public trial exists for the accused's benefit. *Presley v. Georgia*, 558 U.S. 209, 213, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010); *Lilly*, 365 S.W.3d at 328. The public trial guarantee protects the accused from "possible abuses of judicial power and enhances the integrity of the judicial system by encouraging witnesses to come forward, discouraging perjury, and assuring the public that courts are following procedures and observing standards of fairness." *Woods*, 383 S.W.3d at 782 (citing *Waller v. Georgia*, 467 U.S. 39, 46, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)). The violation of an accused's public trial guarantee is a structural error that does not require a showing of harm. *Lilly*, 365 S.W.3d at 328.

 A complaint that the right to a public trial was violated is subject to forfeiture. *Peyronel v. State*, 465 S.W.3d 650, 653 (Tex. Crim. App. 2015). A defendant must properly preserve the complaint for review. *Id.* at 654. Appellant contends error was preserved in this case by his motion for new trial. The State does not contest that appellant properly preserved error. We conclude error was properly preserved. *See* Tex. R. App. P. 33.1; *Woods*, 383 S.W.3d at 780–81.

### II. Review of the Trial Court's Determination

 Appellant contends the trial court erred in denying his motion for new trial because his right to a public trial was violated when his brother did not enter the courtroom due to a locked door. To determine if appellant's right to a public trial was violated, we first analyze whether the trial was closed. *Cameron v. State*, 490 S.W.3d 57, 68 (Tex. Crim. App. 2016) (op. on reh'g); *Lilly*, 365 S.W.3d at 329. Every reasonable step must be taken by a trial court to accommodate public attendance at criminal trials. *Woods*, 383 S.W.3d at 781. "To determine if a trial was closed, a reviewing court should look to the totality of the evidence, rather than whether a spectator was actually excluded from trial." *Cameron*, 490 S.W.3d at 68.

 Appellant bore the burden of proof to establish that the trial was closed. *See Cameron*, 490 S.W.3d at 69. We review the trial court's denial of appellant's motion for new trial under a bifurcated standard. *See id.* at 69–70; *Woods*, 383 S.W.3d at 779. We review the trial court's findings of fact and application of law to fact questions which turn on credibility and demeanor for abuse of discretion. *See Cameron*, 490 S.W.3d at 69–70. An abuse of discretion occurs only if the trial court's determination lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

Appellant contends his right to a public trial was violated because there was a partial and unjustified closure of the courtroom on the second day of trial. The State responds that the record supports the trial court's finding that there was no closure.

 We look at the totality of the evidence when analyzing whether the trial court's findings of fact are supported by the record. *Cameron*, 490 S.W.3d at 70. A

reviewing court must determine whether the trial court fulfilled its obligation "to take every reasonable measure to accommodate public attendance at criminal trials." *Lilly*, 365 S.W.3d at 331 (citing *Presley*, 558 U.S. at 215, 130 S.Ct. 721). "[A] closed courtroom does not become open merely because the trial court would have admitted spectators who knocked on previously sealed doors." *Woods*, 383 S.W.3d at 781. Whether the closure was intentional or inadvertent is constitutionally irrelevant. *Id.*

Appellant relies primarily on *Commonwealth v. Cohen*, 456 Mass. 94, 921 N.E.2d 906 (2010), to argue there was a closure. In *Cohen*, the court's practice was to exclude the public from jury empanelment if there was no room for spectators. *Id.* at 915. The defendant's counsel observed a sign on the door reading "Jury empanelment Do not enter." *Id.* at 913. Notably, *Cohen* involved the affirmative action of posting a sign and court officers informing people they could not enter during jury empanelment. *Id.* at 919. The sign resulted in closure to some degree even though some members of the public ignored the sign. *Id.* at 920. *Cohen* is distinguishable because the trial court here took no affirmative action to close the courtroom and entry was permitted through the unlocked door.[2]

The main courtroom entry features a double door. Jonathan Barnett testified that the door was locked when he pulled on it. Bishop testified she encountered no impediment to entering the courtroom and observed others entering and exiting before trial resumed. Additionally, the evidence established that no affirmative action was taken by the trial court to close the courtroom. This record supports the trial court's finding that one door was locked and one door was unlocked on October 13.

On this record, we cannot conclude the trial court abused its discretion in finding the courtroom was not closed on October 13. *Cf. State v. Gibb*, 303 N.W.2d 673, 679 (Iowa 1981) ("we find the access provided was not so restricted as to deprive defendant of his constitutional right to a public trial"); *State v. Von Reeden*, 104 Ariz. 404, 454 P.2d 149, 150 (1969) ("That the circumstances were such as to make access to the courtroom somewhat more complicated than usual ... does not obviate the fact that the trial was open to the public.").

Based upon a determination that there was no closure, we do not evaluate whether closure was proper. *See Cameron*, 490 S.W.3d at 68. We conclude the trial court did not err in denying appellant's motion for new trial and overrule appellant's sole issue on appeal.

### CONCLUSION

We affirm the trial court's judgment.

---

**2.** Other cases relied on by appellant also are distinguishable because they involved an affirmative act by the trial court or court staff to limit public entry. *See Woods*, 383 S.W.3d at 781 (finding closure where courtroom deputies told spectators to leave the courtroom and wait outside until voir dire was over); *United States v. Flanders*, 845 F.Supp.2d 1298, 1302 (S.D. Fla. 2012) (finding a partial closure when the doors to the courtroom were locked prior to closing arguments to prevent distraction of the parties and jurors).