**Opinion filed July 25, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00284-CR

_____

## CODY DARUS FRENCH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10940-D**

## MEMORANDUM OPINION ON REMAND

The jury convicted Cody Darus French of the first-degree felony offense of aggravated sexual assault of a child. The trial court assessed his punishment at confinement for sixty years in the Institutional Division of the Texas Department of Criminal Justice. In an earlier opinion, we reversed Appellant's conviction and remanded the case for a new trial. *French v. State*, 534 S.W.3d 693 (Tex. App.—Eastland 2018), *rev'd*, 563 S.W.3d 228 (Tex. Crim. App. 2018). We held that there

was jury charge error and that Appellant suffered "some" harm from the error. *Id.* at 698, 700–01. The Court of Criminal Appeals reversed, holding that, although there was jury charge error, Appellant did not suffer "some" harm from the jury charge error. *French v. State*, 563 S.W.3d 228, 239 (Tex. Crim. App. 2018). On remand, we now address Appellant's remaining issue: whether the trial court erred when it sua sponte closed the courtroom for a hearing on Appellant's request for new counsel. We affirm.

*Background Facts*

During Appellant's trial, Appellant's defense counsel informed the trial court that Appellant would like an opportunity to speak to the court. The trial court informed the public sitting in the courtroom: "I am going to have to take something up that I need you all to leave the courtroom just for a few minutes. When we're finished, I will let you know and you can come back in." After the public left the courtroom, Appellant requested new counsel and provided reasons for his request. The trial court denied Appellant's request. Subsequently, the trial court allowed the public to come back into the courtroom. Neither Appellant nor his trial counsel objected to the hearing being conducted without the public in attendance.

*Analysis*

Appellant contends that the trial court erred when it sua sponte closed the courtroom for the hearing on Appellant's request for new counsel. Appellant contends that the alleged error constituted either a category one or category two right under *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Category one rights are mandatorily enforced, and category two rights are subject to waiver. *Peyronel v. State*, 465 S.W.3d 650, 652 (Tex. Crim. App. 2015) (citing *Marin*, 851 S.W.2d at 279). By contrast, category three rights are subject to forfeiture in the absence of an objection. *Id.* The State contends that the right to a public trial is a

category three right and that Appellant failed to preserve error on this issue. We agree with the State's contention.

The Sixth Amendment of the United States Constitution guarantees an accused the right to a public trial in all criminal prosecutions. U.S. CONST. amend. VI. The violation of the right to a public trial is structural error that does not require a showing of harm. *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012) (citing *Johnson v. United States*, 520 U.S. 461, 468–69 (1997)). While this appeal was pending, the Texas Court of Criminal Appeals determined in *Peyronel* that the right to a public trial is a forfeitable right and that it is waived without an objection. 465 S.W.3d at 653. Assuming arguendo that Appellant had a right for the public to be present when he presented his complaints about trial counsel during trial, Appellant did not preserve error for appellate review because he did not object when the trial court required the public to leave the courtroom. *Id.* We overrule Appellant's sole remaining issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

July 25, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.