

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00175-CR

Simon Peter **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR5551
Honorable Melisa Skinner, Judge Presiding

Opinion by:   Liza A. Rodriguez, Justice

Sitting:      Patricia O. Alvarez, Justice
              Irene Rios, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: June 1, 2022

AFFIRMED

Simon Peter Martinez appeals the trial court's judgment revoking his community supervision and imposing a two-year sentence of imprisonment. We affirm the trial court's judgment.

### BACKGROUND

On October 30, 2019, Martinez pled no contest to two counts of the second-degree felony offense of theft of an elderly individual in an amount between $20,000-$100,000. *See* TEX. PENAL CODE ANN. §§ 31.03(e)(5), (f)(3)(A). In accordance with his plea bargain, the trial court sentenced

Martinez to ten years' imprisonment on both counts, with the sentences to run concurrently, but suspended the sentences and placed Martinez on community supervision for a term of ten years. In August 2020, the State filed a motion to revoke Martinez's community supervision alleging he had failed to pay $4,000 in restitution. The State supplemented the pending motion to revoke in January 2021, adding allegations that Martinez had failed to report to his probation officer and had left the State of Texas without prior permission. At the revocation hearing, Martinez pled true to violating Condition #10F of his community supervision by failing to pay $4,000 in restitution and violating Condition #7 by leaving the State of Texas without the trial court's written consent. After hearing testimony from Martinez, his wife, and the probation supervisor, the trial court found the allegations that Martinez violated Conditions #7 and #10F to be true and revoked Martinez's community supervision. The trial court reformed the original ten-year sentence and instead sentenced Martinez to serve two years' imprisonment on each count concurrently, the minimum term of confinement for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(2) (upon revocation of community supervision, trial court may reduce the original term of confinement to any term of confinement not less than the minimum prescribed for the offense of conviction); *see also* TEX. PENAL CODE ANN. § 12.33(a) (punishment range for second degree felony is two to twenty years' imprisonment). Martinez appealed.

## DISCUSSION

In his sole issue on appeal, Martinez asserts he was deprived of his statutory right to a public trial under article 1.24 of the Texas Code of Criminal Procedure because the trial court held his revocation hearing on a YouTube live-stream and he did not expressly waive his right to a public trial as required by article 1.14. Article 1.24 states, "[t]he proceedings and trials in all courts shall be public." TEX. CODE CRIM. PROC. ANN. art. 1.24. In relevant part, article 1.14(a) states, "[t]he defendant in a criminal prosecution for any offense may waive any rights secured him by

law . . . ." *Id.* art. 1.14(a). Martinez does not argue he was deprived of his state or federal constitutional right to a public trial and does not assert a violation of the open courts provision. *See* U.S. CONST. amend. VI, XIV; *see also* TEX. CONST. art. I, §§ 10, 13.

The record reflects that at the beginning of the revocation hearing on April 26, 2021, the trial court stated, "[w]e are now streaming live on YouTube" and confirmed that Martinez was present and could hear the proceedings. The trial court then addressed defense counsel, stating, "[w]e're proceeding by way of livestreaming on YouTube due to the COVID-19 restrictions still in place. Do you have any objection to that, sir?" Defense counsel responded, "No, Your Honor." The revocation hearing proceeded to a conclusion. At no time prior to or after the revocation hearing did Martinez raise any objection in the trial court to conducting the hearing via live-stream on YouTube.

A defendant's complaint that his constitutional right to a public trial was violated is subject to forfeiture and must be preserved by a timely and specific objection at trial. *Dixon v. State*, 595 S.W.3d 216, 222-23 (Tex. Crim. App. 2020) (defendant's right to public trial is forfeitable); *Peyronel v. State*, 465 S.W.3d 650, 652 (Tex. Crim. App. 2015); *Monreal v. State*, 546 S.W.3d 718, 728-29 (Tex. App.—San Antonio 2018, pet. ref'd) (same). Article 1.24 governs the right of public access to court proceedings and is a legislative implementation of constitutional principles. *Houston Chronicle Publishing Co. v. Shaver*, 630 S.W.2d 927, 932 (Tex. Crim. App. 1982) (orig. proceeding). We have recognized that article 1.24 may be enforced by criminal defendants, the public, and the press. *Tamminen v. State*, 644 S.W.2d 209, 217 (Tex. App.—San Antonio 1982), *aff'd*, 653 S.W.2d 799 (Tex. Crim. App. 1983). However, like a violation of the constitutional right to a public trial, a violation of article 1.24 must be preserved for appellate review through a proper trial objection. *Reese v. State*, 905 S.W.2d 631, 636 (Tex. App.—Texarkana 1995, pet. ref'd, untimely filed).

Here, Martinez was represented by counsel and his defense counsel affirmatively stated there was no objection to the trial court proceeding with the revocation hearing by live-stream on YouTube. Martinez cites no case holding that a defendant must personally and affirmatively waive his right to a public trial under article 1.24. We conclude that Martinez failed to preserve any potential error under article 1.24 for appellate review. TEX. R. APP. P. 33.1(a)(1)(A).

Because we hold Martinez did not preserve the issue, we do not determine whether holding the revocation hearing via live-stream on YouTube complied with article 1.24's requirement of a public trial. The judgment of the trial court is affirmed.

Liza A. Rodriguez, Justice

Do Not Publish